IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES BANKS, #86192              *
           Plaintiff,
        v.               *  CIVIL ACTION NO. ELH-15-2801

JACK KAVANAGH         *
         Defendant.

                   *****

**<u>MEMORANDUM</u>**

On September 17, 2015, plaintiff Charles Banks filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that on July 9, 2015, he was arrested, falsely imprisoned, and kidnapped by Jack Kavanagh, and brought to the Howard County "Department of Corrections." ECF 1 at 3. He claims that he was "roughed up" by officers who were "trying to make [him] be CHARLES BANKS a united states Inc. citizen." ECF 1 at 3. Further, plaintiff alleges that the state criminal system does not have subject matter jurisdiction over him. ECF 1 at 5. Banks also complains that detainees "can't seal our mail"; that he was not taken before a Howard County Commissioner, but instead appeared before Judge Clark via a monitor; and he was threatened and forced to submit to fingerprints. ECF 1 at 5. In addition, he alleges that, given his Islamic background, where he "is a master of law," he does not "need any jurisdictions to dictate [his] life." *Id.* Banks seeks release from confinement and monetary compensation for every day he has been held under arrest. *Id*.

Banks has filed a motion for leave to proceed in forma pauperis. ECF 2. Because Banks appears indigent, his motion shall be granted. His cause of action, however, construed as a hybrid 28 U.S.C. § 2241 petition and 42 U.S.C. § 1983 complaint, shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on July 29, 2015, an indictment was issued charging Banks with robbery, second-degree assault, and theft under $1,000.00. *State v.*

*Banks*, Criminal No. 13K15055657 (Circuit Court for Howard County) (copy attached). In addition on August 28, 2015, he was charged with theft at or under $1,000.00, possession of drug paraphernalia and equipment, and numerous moving motor vehicle counts. *State v. Banks*, Criminal No. 13K15055755 (Circuit Court for Howard County) (copy attached). *See* www.casesearch.courts.state.md.us/inquiry. He is currently awaiting trial on all charges.

Claims "fall[ing] within the 'core' of habeas corpus ... [are] not cognizable when brought pursuant to § 1983." *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Specifically, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994).

"A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell,* 273 Fed. Apx. 271, 272 (4th Cir. 2008) (per curiam). *Heck* applies to pretrial detainees. See *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398 (6th Cir. 1999) (applying *Heck* to pretrial detainee's claim seeking damages for an alleged illegal search and seizure in violation of the Fourth Amendment); *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000) ("*Heck* applies to pending criminal charges, and ... a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."); *see also Adams v. Morris,* No.

03–5413, 90 Fed. Apx. 856 (6th Cir. Jan. 29, 2004) (applying *Heck* to a pretrial detainee's alleged violation of his Sixth Amendment right to counsel).

It is clear that Banks contends that the pending criminal charges against him are invalid. Thus, he must challenge the legitimacy of the charges against him as part of his state criminal action. *See, e.g., Ballenger v. Owens,* 352 F.3d 842, 845–46 (4th Cir. 2003); *Antonelli v. Foster,* 104 F.3d 899, 901 (7th Cir. 1997); *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996).

Clearly, dismissal of the charges would result in the release of Banks from custody. Therefore, Banks must seek such relief by way of a petition for writ of habeas corpus; such relief is not available in a civil rights action brought pursuant to § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.") Banks would have to challenge his pending charges in an action brought pursuant to 28 U.S.C. § 2241 or § 2254 and fulfill the exhaustion requirements associated with these statutes.

To the extent that Banks seeks federal court intervention associated with his pending state criminal charges, his case will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief. But, his claims will be dismissed, without prejudice. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding).

The abstention doctrine of *Younger v. Harris* establishes that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances.   *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam).   The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43; *see also Herrera v. Safir,* 17 Fed. Appx. 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by Younger because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Banks has not alleged that, in the pending state court proceedings, he is not able to raise his constitutional claims.   Indeed, Banks may vindicate his constitutional rights in the ongoing state court proceedings. Dismissal of the complaint is appropriate as Banks' claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

Further, pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987).   Although the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung,* 515 F.2d 437, 449 (3d Cir. 1975).   Where a threat

4

to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances is shown. *Id.; see also Drayton v. Hayes,* 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial).  Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

In sum, Banks has raised no exceptional circumstances for interfering with the Howard County criminal cases at this time. A separate Order follows, dismissing this hybrid case, without prejudice.[1]

Date: October 8, 2015              _____/s/_____
                                   Ellen L. Hollander
                                   United States District Judge

---

[1] When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Banks has not made the required showing and no certificate of appealability shall issue.